### R. S. Steinberger *v.* B. F. Taylor, etc.

Judges—Special Judge of Police Court—No Statutes Authorizing Appointment or Selection—Findings and Judgments Void—No Appeal Lies to County Court.

There is no statute authorizing the appointment of a special judge of a police court. The selection by the parties does not invest him with judicial functions. His finding and judgments are nothing more than an award and cannot be enforced as a judgment. No appeal lies to the county court.

**Judges—Special Judge of Police Court—Appointment of Commissioner— Compensation of Commissioner is a Part of Amount in Controversy.**

The special judge having no jurisdiction, his order appointing a commissioner was void and he was not entitled to compensation. The allowance of one hundred dollars to the commissioner does not come within the general term of cost; hence it must be considered in determining the amount in controversy on appeal.

January 5, 1872.

APPEAL FROM MERCER CIRCUIT COURT.

OPINION BY JUDGE LINDSAY:

We are not aware of any statute authorizing the appointment or selection of a special judge to hold the court or to try any cause pending in the court of the police judge of the town of Harrodsburg. The selection of E. T. Polk, esquire, by the parties could not invest him with judicial functions. His finding and judgment, though entered upon the record books of said police judge, were nothing more than an award, and could not be enforced as a judgment. Hence no appeal would lie therefrom to the circuit court of Mercer county, and as the amount involved in the litigation was less than fifty dollars, that court had no original jurisdiction of the subject-matter.

The action of such court was therefore not merely irregular, but wholly unauthorized. Having no jurisdiction the order was void. The commissioner, having no legal right to act under such order, was entitled to no compensation for his services from appellants who objected to the reference and also to the commissioner.

The judgment in favor of appellee is void, as is also the order making the allowance of one hundred dollars to the commissioner. This allowance does not come within the general term of costs, but was a special and illegal allowance. Hence it must be considered in determining the amount in controversy in this appeal. The cause is remanded with instructions to the circuit court to set aside the judgment and order complained of and to dismiss the proceeding.

*J. B. Thompson, for appellant.*

*Kyle & Keller, for appellee.*